IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Johnny Denney,<br>    An individual,<br><br>    Plaintiff,<br><br>v.<br><br>(1) Board of County Commissioners<br>    of Carter County,<br>    an Oklahoma subdivision;<br>(2) Carter County Sherriff Department,<br>    An Oklahoma subdivision;<br>(3) Sheriff Chris Bryant, Carter County<br>    in his official capacity;<br>(4) Milton Anthony, former Sherriff,<br>    Carter County, in his individual<br>    Capacity<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV 18-213-KEW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

Comes Now, Plaintiff, Johnny Denney, by and through counsel and for his causes of action states as follows.

1. At all material times, Plaintiff, Johnny Denney, has been a resident of the State of Oklahoma, in Carter County, within the venue and jurisdiction of this Court.

2. At all material times, Carter County, State of Oklahoma has been an Oklahoma subdivision duly organized under the laws of the State of Oklahoma ("Carter County"). Pursuant to the Oklahoma Constitution, Art. 27, § 1, Carter County is a "body politic and corporate." Pursuant to 19 O.S. § 1, Carter County must be sued

1

in the name of the Board of County Commissioners of Carter County, pursuant to 19 OS § 4.

3. All acts alleged occurred within the venue of this Court.

4. At all material times, the Carter County Sheriff Department ("Sherriff Department") was duly organized and authorized as a lawful office under Oklahoma Constitution, Art. 27, § 2. The Carter County Sheriff is a duly elected position pursuant to 19 O.S. § 131. The Carter County Sheriff acts on behalf of Carter County to keep and preserve all laws within the county.  The Oklahoma County Budget Act defines the Sheriff as a County officer 19 O.S. § 1404(8). The Sherriff's acts as a constituent department of the County 19 O.S. § 1404 (7). The Oklahoma Governmental Tort Claims Act (GTCA) likewise recognizes County officers and their staffs as County employees. 51 O.S. § 152. The Carter County Sheriff is an agent of Carter County.

5. The Carter County Sherriff is a policy maker for the Carter County Sherriff Department and for Carter County. The Sherriff makes all decisions concerning hiring, firing, suspending, training, monitoring, supervising, of sheriff department employees, including Plaintiff. The Sherriff is responsible for creating, adopting, approving, ratifying, and enforcing the rules, regulations, policies, practices, procedures and/or customs of the Carter County Sherriff Department and employees including Plaintiff.  The Sherriff is not meaningfully constrained by employment policies not made by him/her, and there is no purported meaningful review of employment decisions made by the Sherriff.

6. Chris Bryant is the current duly elected Sheriff of Carter County. Chris Bryant is sued in his official capacity for injunctive relief.

7. Milton Anthony is the former elected Sherriff of Carter County and has been at all material times a resident of Oklahoma within the venue of this court. Milton Anthony resigned in the process of, and as a condition of, him pleading guilty to bribery charges related to forcing Plaintiff's wife to engage in sexual activity as a condition of hiring Plaintiff. Anthony is sued only in his individual capacity.

8. During his tenure as Sherriff, Milton Anthony created, condoned, and ratified an atmosphere of sexually harassing conduct by Sherriff Department employees, including permitting multiple employees to watch pornographic material on work computers, and on work time, without repercussion or penalty. Additionally, Anthony tolerated, condoned, encouraged, participated in, and ratified employees engaging in sexual talk, jokes, insults, and communications between employees in an open and obvious manner. Additionally, Anthony improperly touched and groped the genitalia of other female employees in the Sherriff Department, and caused or cajoled other employees to send him nude or partially nude photographs of themselves to him, all under color of law in in abuse of his power and authority.

9. Defendants Carter County and Carter County Sherriff department are also, on information and belief, a joint or single employer of Plaintiff with common interrelations of operations, common management, common labor relations, common financial control and common financial transactions between them.

10. Plaintiff is a white male.

11. Beginning in about February 2011 Plaintiff's spouse began working for Carter County and the Carter County Sherriff department working in the Carter County jail.

12. In July 2015, Anthony asked Plaintiff's spouse to marry him. Plaintiff's spouse laughed it off. But, Anthony replied "well let's have the honeymoon, first," requesting sexual favors.

13. Around the same time, in July 2015, Plaintiff was in a significant economic hardship. Plaintiff's spouse had advised a family "friend," then Sherriff Milton Anthony, about their economic situation. On the same as the "honeymoon" request by Anthony, he texted Plaintiff's spouse "you help me, I help you" which was a suggestion he would hire Plaintiff as a Carter County Deputy Sherriff, with a considerably increased pay rate, IF his wife had sexual relations with him.

14. Without the knowledge or consent of Plaintiff, Plaintiff's spouse acquiesced in this economic bribery and engaged in sexual relations with Anthony. About July 30, 2015, Anthony hired Plaintiff as a Deputy Sherriff making thousands more per month than his prior position.

15. Plaintiff's spouse naively believed that if she consented to sexual relations one time with Anthony, he would hire her husband. But, Anthony forced the relationship to continue. Between July 2015 and April 2016, Anthony used various tactics to cause Plaintiff's spouse to continue the sexual relationship, using both carrot and stick approaches. These approaches including without limitation; threats and suggestions to terminate Plaintiff or his wife unless she related to sexual

4

activities; at times changing, and threatening to change, Plaintiff's spouses work schedule to cause her difficulties when she was not cooperating with Anthony's demands; and, at times providing Plaintiff's spouse flexible scheduling to attend college classes (although this was subsequently refused after she ceased the relationship) or deal with family matters

16. After April 15, 2016, Plaintiff's spouse again refused the sexual advances of Anthony. On April 18, 2016, Plaintiff's spouse advised Anthony that being "unfaithful" to her husband was causing emotional problems for her and adversely effecting her family. However, Anthony continued to seek sexual activities, including telling Plaintiff's spouse "I need a kiss" and asking, "do you consider kissing unfaithful." Anthony also texted Plaintiff's spouse "U act like its all me, *you first agreed to everything to get Johnny (Plaintiff's husband) hired, I did that to better your livelihood."* After Plaintiff's spouse continued to reject his advances, he texted that her schedule changed to "8 to 5 from now on, I get tired of being used, it is wat it is."

17. On May 20, 2016, Plaintiff's spouse told Anthony "I don't want to cheat on my husband." Anthony told Plaintiff's spouse "I'm moving you out of the window and putting you back in the jail." Plaintiff responded "no." Anthony's statement was a clear threat to Plaintiff's spouse, which would result in dramatically changed job duties, responsibilities and functions.

18. On May 20, 2016, Anthony told Plaintiff's spouse "when we first had this agreement and everything… the only thing I told you to do this deal, and we

5

agreed on everything; and I *said you scratch my back and I scratch yours*, that's what I said."

19. On May 20, 2016, Anthony further told Plaintiff's spouse "well, that doesn't mean down the road you just stop scratching. Well then *when you stop scratching, then I stop scratching.* You see what I'm saying."

20. On May 20, 2016, when Plaintiff's wife objected to the change in job assignment, stating "I don't want to leave the window," Anthony respond by saying "it is what it is. *You stop doing stuff, I stop doing stuff.*"

21. Following the continued solicitation of sexual favors, in combination with the position reassignment, and threats of continued retaliation if she refused further sexual activities, Plaintiff with his spouse through representatives reported the matter to the Carter County District Attorney. They further cooperated with the Oklahoma State Bureau of Investigation with their investigation into the conduct of Anthony, and provided information leading to a finding of probable cause to arrest Anthony. Plaintiff's OSBI cooperation was made in publicly filed court records and newspaper accounts.

22. Former Sherriff Milton Anthony secured employment for his ex-wife as his assistant in the Carter County Sheriff Department. Anthony's ex-wife was, at all material times, then current wife of the Carter County Under Sherriff. Anthony also secured the employment for his two daughters in the Carter County Sherriff Department. Anthony is currently cohabitating with Plaintiff's wife's aunt.

23. Following his reporting of sexual harassment, intimidation, and economic sexual abuse to law enforcement and in media outlets, Defendant's Carter County and Sherriff Department placed Plaintiff and his wife. Such leave created the appearance and impression that Plaintiff did something wrong and was incapable of being hired on his own merits.

24. On September 16, 2016, Plaintiff was terminated by Acting Sheriff John Ryan, a confidant of Anthony. The false, pretextual, sham reason for his termination was that his position was "filled" and that there was no money in an account to pay his salary. Defendant had hired multiple deputies within the preceding two-three weeks.

25. Subsequent to the reported sexual misconduct by Anthony, his other family members employed at the Sherriff department made threats against Plaintiff and spouse if they continued to pursue and cooperate with authorities investigating Anthony.

26. Anthony was arrested and charged with bribery for his sexual demands of Plaintiff. Anthony eventually entered an Alfred plea and agreed to resign as Sherriff, nor to be re-elected Sherriff.

27. Prior to the reporting sexual misconduct by Anthony, and rejecting his advances, Plaintiff had an exemplary work record.

28. Plaintiff timely made a charge of gender discrimination and retaliation to the EEOC on May 19, 2017; Charge No. 564-2018-00239. On **April 10, 2018** the

EEOC mailed its notice of right to sue in such charge. Plaintiff timely files this action within 90 days of her receipt of such notice of right to sue.

### Count 1: Retaliatory Discharge

29. All other paragraphs are incorporated herein.

30. Defendants Carter County and Carter County Sherriff Department are employers having more than 15 employees for claims under Title VII, 42 U.S.C. § 2000e, et. seq. In the alternative, Carter County Sheriff Department and Sheriff Chris Bryant in his official capacity, were at all times material hereto and as described herein, acting as agents of Carter County.

31. Prior to July 23, 2016, Plaintiff opposed discrimination based on protected status, including his and his wife's gender and sexual harassment of his spouse. Plaintiff engaged in protected opposition to unlawful employment practices under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3

32. Defendant employers Carter County and Carter County Sherriff Department and Sherriff Chris Bryant in his official capacity were aware of the opposition to discriminatory and retaliatory unlawful employment practices.

33. Plaintiff suffered tangible adverse employment action as a result of his protected opposition including Plaintiff's termination, suspension with pay, by Defendants, individually and in concert.

34. There is a causal connection between the protected opposition and the adverse employment action, including disparate treatment, failure to follow defendant's policies in termination, and use of pretextual reasons for termination.

35. But for his protected activity, Plaintiff would not have been fired, or otherwise suffer adverse employment action.

36. Defendants Carter County, Carter County Sherriff Department, and Chris Bryant in his official capacity violated 42 U.S.C. § 2000e by retaliating against Plaintiff in her suspension with pay and terminating termination.

<b>Count 2:    Equal Protection Denial</b>

37. Plaintiff incorporates all other paragraphs herein.

38. The 14th Amendment of the U.S Constitution provides, in part, that no person shall be deprived of property or liberty without due process of law.

39. 42 U.S.C. § 1983 provides "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

40. Carter County and Carter County Sherriff Department, and Sherriff Chris Bryant in his official capacity, are persons within the meaning of 42 U.S.C. § 1983/

41. By virtue of the 14th Amendment, as applied under 42 USC § 1983, Plaintiff was entitled at all times material hereto to equal protection under the law, including based on his and his spouses gender.

42. The actions of Milton Anthony, acting under color of law, in requiring, demanding, insisting, threatening, pressuring, cajoling and coercing Plaintiff's spouse to engage in sexual relations with him as a condition of hiring Plaintiff, and to engage in other acts of a sexual nature, including those involving photographic activity were done under color of law, particularly based on his position, threats to use such position, and actual use of such position.

43. The acts of then Sherriff Milton Anthony, including those after February 5, 2016, constitute sexual harassment in violation of the Fourteenth Amendment.

44. Carter County and Carter County Sherriff Department had a custom, policy, practice to tolerate, condone, and permit sexual activity, and sexual harassment of employees.

45. The County and Sherriff Department failed to engage in sexual harassment training, or to provide instructions or manuals to employees as to what to do when the sexual harasser was the Sherriff. These Defendants never provided Plaintiff with a copy of any employee handbook or policy manual. These Defendants failed to effectively enforce any policy or requirement that Sherriff Department employees not engage in lewd, sexual, or obscene behavior at work, including looking at pornographic material while at work, using employer equipment. Multiple employees not only engaged in such behavior, but such was known to the Sherriff and other managerial personnel, who failed to any, much less effective, remedial measures concerning same.

46. Prior to June 2016, Defendant Carter County was deliberately indifferent to the constitutional deprivation suffered by Plaintiff. It undertook no effort, action, or interest in controlling, monitoring, preventing, the Sherriff from sexually harassing employees, including Plaintiff, nor in protecting employees from such abuses. Indeed, Carter County, to no action to adopt, create, or enforce employment personnel policies, including those preventing sexual harassment and assault, by the Sherriff or Sherriff Department employees. There is a direct causal link between these actions and the constitutional deprivation suffered by Plaintiff.

## Count 3:  First Amendment Retaliation

47. All other paragraphs are incorporated herein.
48. Since at least May 20, 2016, Plaintiff personally and through representatives participated in the reporting to the media, and Carter County officials, that Anthony abused his office, engaged in bribery, and compelled his wife to engage in sexual activity on pain of economic pressure and humiliation. This included not only that Anthony had engaged in a sexual relationship with her, an employee, but also that Anthony insisted, and continued to insist that such sexual behavior was necessary for Carter County and Carter County Sherriff Department to hire Johnny Denney, as a deputy peace officer. This reporting was a matter of public concern not only to the use and abuse of power and elected office by Anthony, but also the use of the public treasury to fund Anthony's personal pursuit of sexual gratification.

49. As a direct and proximate result of Plaintiff's objection to the past sexual activity with Anthony, Plaintiff was threatened to suffer loss of employment, employment benefits, position, working hours, and other terms and conditions of employment.

50. As a direct and proximate result of Plaintiff's reporting of the conditions, demands, threats, and requirements underlying such activity to law enforcement, the media, and Carter County officials, Plaintiff was retaliated against. Such retaliation by Carter County, Carter County Sherriff Department, and Chris Bryant in his official capacity, includes suspension with pay and termination.

51. The acts of retaliation were undertaken by, on the directions of, a policy maker of Carter County and Carter County Sherriff Department, namely the Acting Sherriff.

52. Just like Plaintiff's denial of equal protection, Carter County was itself deliberately indifferent to the loss of constitutional rights by Plaintiff and failed to adopt, enforce, or train on any policies limiting or restricting the actions of the Sherriff (or his appointed subordinates) based on employment policies or practices, including those described in this action.

### Count 4:  First Amendment Associational Denial

53. All other paragraphs are incorporated herein.

54. Prior to June 2015, Plaintiff had a martial relationship with Kelli Denney, his husband. Defendants were each and all aware of such relationship.

55. Between at least February 5, 2016 and May 20, 2016, the effects of which lasted long thereafter, Milton Anthony, under color of law, knowingly, purposefully, willfully, and without legitimate excuse interfered with the relationship between

Johnny Denney and Kelly Denney by forcing, cajoling, demanding, insisting, and threatening Kelly Denney, to engage in sexual activity with him.

56. Defendants further retaliated against and punished Plaintiff for his relationship with his spouse, including a public suspension with pay for months and a termination of employment. Defendants' actions were motivated against Plaintiff because of his association with his wife, who was sexually harassed by Anthony and that such was reported publicly.

57. The acts of Milton Anthony described herein significantly interfered with, substantially undermined, and are an undue intrusion upon the martial right of association under the Frist Amendment.

58. Carter County and Carter County Sherriff Department were deliberately indifferent to Plaintiff's rights, just as it was in relation to her equal protection rights, in failing to monitor, train, implement or enforce any policies controlling Sherriff Anthony, or the employment practices and policies of Sherriff Department employees.

**Count 5: Substantive Due Process Denial**

59. All other paragraphs are incorporated herein.

60. The acts of Milton Anthony violated Plaintiff's substantive due process rights. His actions described herein, in bribing his spouse for sexual favors with the employment of Plaintiff, his subsequent demands for sex based on threats to fire Plaintiff, to fire his wife , to reveal the affair, to change working conditions or

hours or other terms of employment simply shock the conscious and cannot be tolerated in any civil society.

61. It is and was prior to June 2015 that Plaintiff's spouse had a Constitutional right not to be sexually harassed, nor pressured, cajoled, threatened, or coerced into sexual relations with an elected law enforcement official, who was also her boss. Similarly, Plaintiff has a Constitutional and common-law interest in Milton Anthony not conditioning his employment upon sexual favors of his wife. Anthony clearly and unequivocally violated Plaintiff's known constitutional and statutory rights in his conduct described herein.

62. The action of Milton Anthony shocks the judicial conscious. His conduct was deliberate, on-going, and wholly unrelated to any legitimate governmental interests or pursuit. He abused his relationship with an employee, with whom he knew particular economic pressures were likely to make her more susceptible to his devious scheme, and conditioned employment of sworn law enforcement upon family members engaging in sexual activity.

## Damages

63. The acts and conduct of Defendant Anthony, described above, was malicious, spiteful, and in willful and reckless disregard for the legal rights of another.

64. The acts and conduct of Defendants, described above, are the proximate cause of compensatory damage to Plaintiff, including loss of earnings and benefits, out of pocket costs otherwise covered by insurance, loss of earning capacity, emotional

distress, pain of mind and body, all in an amount in excess of $75,000.00, excluding costs, fees, and interest.

Wherefore, Plaintiff prays that judgment be rendered in her favor and against Defendants, individually and jointly, in an amount in excess of $75,000.00, and as permitted under, together with back-pay, interest, costs, expenses, attorney fees, reinstatement or front pay as appropriate, and injunctive relief against Sherriff Chris Bryant in his official capacity, and against Carter County and Carter County Sherriff's Department, barring further discrimination, retaliation, or harassment against Plaintiff, including upon reinstatement, and other compensation denied as a result of termination, and any and all other legal or equitable relief to which she is entitled.

   Jury Trial Demanded

   Attorney Lien Claimed

         Respectfully Submitted,

         _s/Loren Gibson_
         Loren Gibson, OBA 14348
         Gibson & Associates, P.L.C.
         105 N. Hudson, Suite 312
         Oklahoma City, OK 73102
         405/270-0900
         405/270-0903 (fax)
         Counsel for Plaintiff